UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

GREGORY KELLY,

    Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,

    Defendants.

2:12-cv-02074-LRH-CWH

ORDER

  Before the court are Defendant NaphCare, Inc.'s (NaphCare) Motion to Dismiss (#7[1]) and Defendants Las Vegas Metropolitan Police Department's (LVMPD) and Police Officer William F. Catricala, Jr.'s Motion for Judgment on the Pleadings (#13). Plaintiff has responded to both Motions (##11, 19), to which NaphCare and LVMPD and Catricala have replied (##15, 22, respectively).

**I. Facts and Procedural History**

  On December 5, 2010, LVMPD Officers responded to a call reporting a domestic disturbance at Plaintiff's residence. After Plaintiff refused to exit his residence, the officers entered and arrested Plaintiff. During the arrest, Plaintiff claims he suffered injuries to his left shoulder and left knee. The officers later transported Plaintiff to Clark County Detention Center (CCDC), where Plaintiff claims he received no medical attention for his injuries, despite his waiting a significant time in the designated NaphCare waiting room.

  Before Plaintiff was released later that night, he objected to not receiving medical attention for his shoulder and knee. The NaphCare supervising medical attendant told Plaintiff

---

[1]Refers to the court's docket entry number.

1  that because it was Sunday, the X-ray machine was not available. However, she continued,
2  Plaintiff could stay overnight and receive the scan on Monday if he preferred. Plaintiff chose
3  instead to return home.
4        After filing a complaint with LVMPD's Internal Affairs, Plaintiff met with three officers
5  in January 2011 to discuss the incident. Plaintiff claims the officers were shocked to learn
6  Plaintiff had not received medical attention while at CCDC, presumably because the officers did
7  indeed have records of Plaintiff receiving medical care. Plaintiff alleges any such records must
8  have been falsified.
9        Plaintiff filed his Complaint (#1) on December 5, 2012. On December 18, 2012,
10 Defendant NaphCare filed the instant Motion to Dismiss Plaintiff's Fourth Cause of Action,
11 "Deliberate Indifference to Plaintiff's Serious Medical Needs, Inclusive of Medical Malpractice"
12 as barred by the statute of limitations (#7). After Plaintiff's response and NaphCare's reply,
13 Plaintiff moved to file an Amended Opposition to NaphCare's Motion to Dismiss (#18), which
14 included his proposed Amended Opposition. Following NaphCare's Opposition (#20), Plaintiff
15 moved for leave to file a Surreply to Naphcare's Motion to Dismiss (#23) and also filed his
16 proposed Surreply (#24), which is identical to his proposed Amended Opposition. NaphCare
17 opposed Plaintiff's Motion for Leave to File a Surreply (#25), to which Plaintiff replied (#28).
18       Simultaneously, LVMPD and Officer Catricala filed the instant Motion for Judgment on
19 the Pleadings to dismiss Plaintiff's Eighth Amendment claims, Plaintiff's duplicative Fourteenth
20 Amendment claims, and Plaintiff's duplicative claims against Catricala in his official capacity
21 (#13).  Finally, Defendants filed a Joint Motion to Stay Discovery until the court has resolved the
22 instant motions (#21).

23 **II.     Legal Standard**

24       To state a claim for relief, the pleading must contain "a short and plain statement of the
25 claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the Rule 8
26 pleading standard does not require "detailed factual allegations," mere "labels and conclusions"
27 or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*,
28 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

1    To withstand a 12(b)(6) motion to dismiss under the Federal Rules of Civil Procedure, the
2 complaint must contain factual statements that, when assumed true, "state a claim to relief that is
3 plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the
4 factual content is sufficient to allow the court to reasonably infer, based on the court's judicial
5 experience and common sense, the defendant's liability in the alleged misconduct. *See id.* at
6 678–679.

7    Though the court, when reviewing a motion to dismiss, accepts the plaintiff's claimed
8 facts, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the
9 elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*,
10 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original)
11 (internal quotation marks omitted). These statements are not assumed true because they do
12 "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a
13 factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681).

14    Additionally, a party may move for judgment on the pleadings once the pleadings are
15 closed. Fed. R. Civ. P. 12(c). This includes motions for judgments for failure to state a claim
16 upon which relief can be granted. Fed R. Civ. P. 12(h)(2)(B). As with a 12(b)(6) motion to
17 dismiss, in a 12(c) motion for judgment on the pleadings, "all allegations of fact of the opposing
18 party are accepted as true." *JPMorgan Chase Bank v. Access Healthsource, Inc.*, 225 F. App'x
19 663, 664 (9th Cir. 2007) (quoting *Austad v. United States*, 386 F.2d 147, 149 (9th Cir. 1967)).
20 The motion should be granted "[o]nly if it appears that, on the facts so admitted, the moving
21 party is clearly entitled to prevail." *Id.* (quoting *Austad*, 386 F.2d at 149).

22 **III.   Discussion**

23    Plaintiff brings claims against LVMPD and NaphCare under 42 U.S.C. § 1983, alleging
24 their failure to properly treat him violated his Eighth Amendment and Fourteenth Amendment
25 due process rights. Plaintiff alleges LVMPD and NaphCare were deliberately indifferent to his
26 medical needs, particularly toward his left knee and shoulder. Additionally, Plaintiff brings
27 § 1983 claims, in relevant part, against Officer Catricala – both individually and in his official
28 capacity – and LVMPD for unreasonable search and seizure, in violation of the Fourth and

1  Fourteenth Amendments.

2  **A.  Plaintiff's Claims Against NaphCare**

3  Although § 1983 claims have no specific federal statute of limitations, courts use the relevant state statute of limitations applying to personal injury actions. *See McDougal v. County of Imperial*, 942 F.2d 668, 672 (9th Cir. 1991) (citing *Wilson v. Garcia*, 471 U.S. 261, 279–280 (1985)). When a state has multiple statutes of limitations for various personal injury actions, the relevant statute is the general or residual statute for personal injury actions. *Wise v. Verizon Commc'n, Inc.*, 600 F.3d 1180, 1185 (9th Cir. 2010) (citing *Owens v. Okure*, 488 U.S. 235, 249–250 (1989)).

As the residual statute for personal injury actions, Nevada Revised Statute § 11.190(4)(e) is the appropriate statute of limitations, rather than, as NaphCare claims, § 41A.097. *See Perez v. Seevers*, 869 F.2d 425, 426 (1989). This statute allows claims to be filed within two years of the injury. Because Plaintiff filed his Complaint exactly two years after the alleged incident, Plaintiff's claims were timely filed.

Plaintiff's Eighth Amendment claim against NaphCare, however, must still be dismissed. When the claim relates to a pretrial detainee, and not a convicted prisoner, the detainee's right to medical care stems from the Fourteenth Amendment's Due Process Clause, rather than from the Eighth Amendment. *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (citing *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983).

Regardless, the standard for a prisoner's Eighth Amendment claim is the same as the standard for a detainee's Fourteenth Amendment claim. *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010). A plaintiff must show the official acted with deliberate indifference to the plaintiff's needs. *Id.* To show deliberate indifference, the plaintiff must show the official was "(a) *subjectively aware* of the serious medical need and (b) failed adequately to respond." *Id.* at 1017–18 (quoting *Conn v. City of Reno*, 591 F.3d 1081, 1096 (9th Cir. 2010)) (emphasis in original).

Here, Plaintiff has failed to show his medical needs were serious. After his release, Plaintiff did not seek any medical care anywhere else. For serious medical needs, Plaintiff's lack

4

1  of funds is not a persuasive reason for failing to seek any other medical care. Moreover, Plaintiff
2  could have received medical care if he had waited the night at CCDC, but Plaintiff chose to
3  forego this treatment, believing that attending to his dogs at the time was more important.
4  Because Plaintiff fails to allege a serious medical need, his claims against NaphCare are
5  dismissed.

**B.  Plaintiff's Claims Against LVMPD and Officer Catricala**

7  Regarding Plaintiff's claims against LVMPD and Officer Catricala, Plaintiff has
8  voluntarily dismissed his claims against Officer Catricala in his official capacity and his Eighth
9  Amendment claim in his Fourth Cause of Action. The only remaining disputed claim is
10 Plaintiff's Fourteenth Amendment claim in his Second Cause of Action for false arrest and false
11 imprisonment under § 1983, where Plaintiff claims the police officers subjected him to an
12 unreasonable search and seizure.
13 The Fourteenth Amendment's substantive due process guarantee does not apply to all
14 violations of citizens' rights. When a particular amendment provides an "explicit textual source
15 of constitutional protection," courts use that amendment, rather than the Fourteenth Amendment,
16 as the basis for relief. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Because the Fourth
17 Amendment explicitly provides for protection against unreasonable searches and seizures,
18 Plaintiff's claim is properly analyzed under the Fourth Amendment only, not the Fourteenth
19 Amendment. *See Albright v. Oliver*, 510 U.S. 266, 273–74 (1994); *Graham*, 490 U.S. at 395;
20 *Armendariz v. Penman*, 75 F.3d 1311, 1318–20 (9th Cir. 1996), *overruled on other grounds by*
21 *Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 856–57 (9th Cir. 2007). Thus,
22 Plaintiff's Fourteenth Amendment claims in his Second Cause of Action are dismissed, leaving
23 only his Fourth Amendment claims.
24 Because Plaintiff is a pro se litigant and has not yet amended his complaint, Plaintiff shall
25 have leave to amend his initial complaint.
26 IT IS THEREFORE ORDERED that Defendant NaphCare, Inc.'s Motion to Dismiss (#7)
27 is GRANTED.
28 ///

5

1   IT IS FURTHER ORDERED that Defendants Las Vegas Metropolitan Police Department's and Police Officer William F. Catricala, Jr.'s Motion for Judgment on the Pleadings (#13) is GRANTED.

   IT IS FURTHER ORDERED that Plaintiff is granted leave to file an amended complaint within thirty (30) days of the entry of this Order.

   IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Amended Opposition (#18) and Plaintiff's Motion to File Surreply (#23) are DENIED as moot.

   IT IS FURTHER ORDERED that Defendants' Joint Motion to Stay Discovery (#21) is DENIED as moot.

   IT IS SO ORDERED.

   DATED this 28th day of June, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE