1

2

3                          **UNITED STATES DISTRICT COURT**

4                                **DISTRICT OF NEVADA**

5

6   GREGORY KELLY,                            )
                                              )
7                      Plaintiff,             )        Case No.  2:12-cv-02074-LRH-CWH
                                              )
8   vs.                                       )        **ORDER**
                                              )
9   LAS VEGAS METROPOLITAN                    )
    POLICE DEPARTMENT, *et al*.,              )
10                                            )
                       Defendants.            )
11  _____ )

12        This matter is before the Court on Plaintiff's Motion to Compel (#46), filed June 15, 2013;

13  Defendant Naphcare's Response (#51), filed June 28, 2013; Plaintiff's Reply (#55), filed July 2,

14  2013; and Defendant Las Vegas Metropolitan Police Department's ("LVMPD") Response (#56), filed

15  July 5, 2013.

16        Pursuant to Rule 37(a), Plaintiff seeks to compel production of several categories of

17  documents from Defendant LVMPD.   The motion is a "discovery" motion.  Rule 37(a) requires that

18  the party seeking to compel responses to discovery requests "include a certification that the movant

19  has in good faith conferred or attempted to confer with the person or party failing to make disclosure

20  or discovery in an effort to obtain it without court action."  Additionally, Local Rule ("LR") 26-7(b)

21  provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached

22  thereto certifying that, after personal consultation and sincere effort to do so, the parties have been

23  unable to resolve the matter without Court action."

24        Both the meet and confer requirement of Rule 37 and the personal consultation requirement of

25  LR 26-7(b) serve important purposes.  Compliance is required "to lessen the burden on the court and

26  reduce the unnecessary expenditure of resources by litigants, through the promotion of informal,

27  extrajudicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.

28  Nev. 1993).  The consultation obligation "promote[s] a frank exchange between counsel to resolve

    issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is

sought." *Id*.  In order to serve its purpose, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*.  To do so,

> [t]he parties must present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions.  Only after the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a "sincere effort" to resolve the matter. *Id*.

In *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996), the Court identified two prongs to Rule 37's meet and confer requirement.  First, the moving party must provide a certification which "accurately and specifically conveys to the court" the pertinent details of the pre-motion consultation.  *Shuffle Master*, 170 F.R.D. at 170.  Second, the Court must be satisfied that the moving party actually conferred or attempted to confer in good faith. *Id*.  The moving party must move beyond cursory statements and "adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Id*. at 171.  A good faith attempt requires more than the "the perfunctory parroting of statutory language," it requires a "genuine attempt to resolve the discovery dispute through non judicial means." *Id*.  Doing so accomplishes the underlying policy of Rule 37(a)(1) and LR 26-7(b).

Plaintiff is proceeding in this matter *pro se* and, undoubtedly, is unfamiliar with the strict requirement that he must make a good faith effort to consult prior to filing a discovery motion.  The pleadings of a *pro se* complainant are held to less stringent standards than those drafted by lawyers. *E.g. Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, as Plaintiff has been previously informed, even *pro se* litigants must comply with the Federal Rules of Civil Procedure and the Local Rules. *E.g. King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorable than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se

1  litigants expected to abide by the rules of the court in which litigation proceeds).  Plaintiff's

2  status as a *pro se* litigant does not relieve him, absent extraordinary circumstances not present

3  here, of the consultation obligations set forth in Rule 37(a) and LR 26.  It is not clear on the

4  face of this motion that Plaintiff made the required effort to meet and confer prior to filing

5  this motion and, therefore, the motion will be denied.

6        Based on the foregoing and good cause appearing therefore,

7        **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#46) is **denied**.

8        DATED: July 9, 2013.

9

10       _____
         **C.W. Hoffman, Jr.**
         **United States Magistrate Judge**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28