UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GREGORY KELLY,           )
                         )
       Plaintiff,        )
                         )          2:12-cv-02074-LRH-CWH
v.                       )
                         )
LAS VEGAS METROPOLITAN POLICE )     ORDER
DEPARTMENT, *et al.*,    )
                         )
       Defendants.       )
                         )

       Before the Court is Defendant NaphCare, Inc.'s ("NaphCare") Motion to Dismiss.  Doc. #84.[1]  Defendants Las Vegas Metropolitan Police Department ("LVMPD") and William F. Catricala, Jr. ("Catricala") filed a Joinder to NaphCare's Motion to Dismiss.  Doc. #98.  Plaintiff Gregory Kelly ("Kelly") filed a Response (Doc. #101), to which NaphCare replied (Doc. #104).

       Also before the Court is Defendants LVMPD, Catricala, Beau Hunn ("Hunn"), Thomas Carrigy ("Carrigy"), Ivens Munoz ("Munoz"), Christopher Garcia ("Garcia"), John Campbell ("Campbell"), Erick Wilds ("Wilds"), John Liberty ("Liberty"), Kidd Andrade ("Andrade"), and James Mizusaki's ("Mizusaki") (collectively "Defendants") Motion to Dismiss.  Doc. #106.  Kelly filed a Response (Doc. #109), to which Defendants replied (Doc. #111).

///

---

[1] Refers to the Court's docket number.

## I.   Facts and Procedural History

This case arises out of an arrest and subsequent eight-hour detention at the Clark County Detention Center (CCDC).  On December 5, 2010, LVMPD officers responded to a call reporting a domestic disturbance at Kelly's residence.  During the arrest, Kelly claims he suffered injuries to his left shoulder and left thigh/knee.  The officers later transported Kelly to CCDC, where Kelly claims he received no medical attention for his injuries, despite his waiting an extended period of time in the designated NaphCare waiting room.  Kelly was eventually called for release, at which time he objected to the fact that he had not yet received a medical exam to document his injuries and requested a Magnetic Image Resonance ("MRI") scan.  At that time, an unidentified NaphCare employee informed Kelly that an MRI scan was not available to pre-trial detainees.  Because Kelly did not feel that an x-Ray, which would have been provided the following day, would have documented his claimed injuries, he agreed to his release without obtaining an x-Ray.

Thereafter, at various times, Kelly filed claims for administrative relief with LVMPD Risk Management, Internal Affairs, and the Citizen's Review Board.  All of Kelly's grievances were denied.  Kelly alleges that his claims were denied on the basis of false testimony and fraudulent reports submitted by the officers involved in his arrest and subsequent detention, and NaphCare employee Codi Courtney ("Courtney").  Kelly also alleges that the aforementioned false testimony and fraudulent reports were part of a conspiracy to cover up the alleged transgressions of the arresting officers.  At no time until 2013 did Kelly seek medical treatment for his alleged injuries.  Kelly alleges that he continues to suffer from the injuries he sustained during the December 5, 2010 arrest.

On December 5, 2012, exactly two years after the alleged incident took place, Kelly filed a Complaint, alleging unwarranted entry, false arrest, false imprisonment, conspiracy for false imprisonment, deliberate indifference to his serious medical needs, municipal liability, battery, intentional infliction of emotional distress, malicious prosecution, and negligence.  *See* Doc. #1.  Thereafter, NaphCare filed a Motion to Dismiss Kelly's deliberate indifference claim and the

2

LVMPD and Catricala filed a Motion for Judgment on the Pleadings as to several of Kelly's claims. *See* Doc. #7, Doc. #13. On June 28, 2013, the Court granted NaphCare's Motion, finding that Kelly "failed to show his medical needs were serious." Doc. #54. The Court also granted the LVMPD and Catricala's Motion for Judgment on the Pleadings. *See id.* Because Kelly is a *pro se* litigant and had not yet amended his complaint, the Court granted leave to amend. *See id.* On August 1, 2013, Kelly filed a Second Amended Complaint, alleging nine causes of action. *See* Doc. #67. On August 15, 2013, NaphCare filed the present Motion to Dismiss Kelly's fourth, fifth, and sixth causes of action against NaphCare. Doc. #84. On October 7, 2013, Defendants filed the present Motion to Dismiss Kelly's fourth, fifth, sixth, and ninth causes of action. Doc. #106.

## II.     Legal Standard

NaphCare and Defendants seek dismissal of Kelly's fourth, fifth, sixth, and ninth causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the Court to draw the reasonable inference, based on the Court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 678-79. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has

acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the Court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted).  The Court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III.  Discussion

**A.  Fourth Cause of Action—Falsification of Documents and Hindering a Lawful Investigation, Resulting in Loss of Due Process Rights in Violation of 42 U.S.C. § 1983**

To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the defendant (1) while acting under color of state law (2) subjected him to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).  Thus, Section 1983, by its very terms, applies only to deprivations of federally protected rights. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

Here, NaphCare and Defendants contend, among other things, that Kelly failed to sufficiently allege a Section 1983 claim because he has failed to identify any underlying constitutional or federal statutory right of which he was deprived. *See* Doc. #84, pp. 10-11; Doc. #104, pp. 10-11; Doc. #106, p. 10.  The Court agrees.  In his Second Amended Complaint, Kelly simply asserts that his "constitutional rights to substantive due process under the Fourteenth Amendment" were denied, that he was "den[ied] . . . medical relief through proper administrative

4

channels," and that he was "den[ied] administrative relief." Doc. # 67, ¶¶ 107, 108, 109, 111, 112, 113, 114. In his Opposition, however, Kelly appears to concede that he does not have a constitutionally protected right to the Administrative Relief venues of LVMPD Risk Management, Internal Affairs, and the Citizens Review Board. *See* Doc. #101, p. 12 (explaining that "[he] has not claimed that he had a Fourteenth Amendment right to the [aforementioned] Administrative Relief venues"). Rather, he avers, "[t]he 'deprivation of rights' under 42 U.S.C. § 1983 occurred at CCDC with the alleged falsification of [his] medical screening." *Id.* Kelly goes on to state that "Defendant's actions denied Plaintiff's due process rights at [the LVMPD Risk Management, Internal Affairs, and Citizens Review Board Administrative proceedings]." *Id.* So far as the Court can ascertain, Kelly appears to assert that he had a constitutionally protected right to due process at the aforementioned administrative proceedings.

To that end, the Court is keenly aware that "[a] fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison*, 349 U.S. 133, 136 (1955). Moreover, the Ninth Circuit has acknowledged that "the Constitution guarantees plaintiffs the right of meaningful access to the courts, the denial of which is established where a party engages in pre-filing actions which effectively covers-up evidence and actually renders any state court remedies ineffective." *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998). Nevertheless, these basic rules are simply inapplicable to the present controversy because Kelly has not been denied effective redress in state court. *See id.* (holding that the district court should have given plaintiffs an opportunity to re-file their Section 1983 action if the defendants' alleged a cover-up that actually rendered all state court remedies ineffective). In the present action, Kelly can and has brought the alleged falsification of medical and police reports to the attention of the Court. As such, he has suffered no deprivation of due process as a result of the alleged abuses.

Moreover, Kelly provides no authority for the proposition that he was entitled to the same Fourteenth Amendment due process protections when he filed his grievances with LVMPD Risk Management, Internal Affairs, and Citizens Review Board. In fact, authority on the subject

strongly suggests that Kelly was not entitled to the same type of due process protections that the Fourteenth Amendment envisions.  See *Lisle v. Baker*, No. 3:09-CV-00479-RCJ-VPC, 2010 WL 3257883, at *3 (D. Nev. August 16, 2010) (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (internal quotation marks omitted) ("[the prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the [claimant]"); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no legitimate claim of entitlement to a grievance procedure).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."  *Id.* (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)) (internal quotation marks omitted); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2002) (agreeing with District Court that "because inmates have no constitutional right to a prison grievance system, the actions of the prison officials in reviewing his internal appeal cannot create liability under § 1983").

Finally, Kelly has no constitutional right to accurate medical or police reports absent an allegation that the allegedly falsified reports rendered his trial fundamentally unfair.  See *Richardson-El v. IDOC*, NO. 13-CV-00952-MJR, 2013 WL 5648264, at *3 (S.D. Ill. October 15, 2013); *Nowell v. Acadian Ambulance Serv.*, 147 F. Supp. 2d 495, 505 (W.D. La. 2001) (citing *Landrigan v. City of Warwick*, 628 F.2d 736, 745 (1st Cir. 1980)) (holding that "the mere filing of false police reports, by themselves without more, [does] not create a right of action in damages under 42 U.S.C. § 1983"); *see also Delew*, 143 F.3d, at 1221-23.  Because Kelly has failed to allege the deprivation of any constitutional right in connection with the allegedly false reports, the Court shall grant NaphCare and Defendants' Motions to Dismiss Kelly's fourth cause of action in its entirety.  Although Courtney did not move to dismiss Kelly's fourth cause of action against him in his individual capacity, the Court dismisses the same for the aforementioned reasons.

///

///

**B.     Fifth Cause of Action—Civil Conspiracy to Commit Unlawful Entry, Unlawful Arrest and Excessive Force, Resulting in Loss of Due Process Rights in Violation of 42 U.S.C. §1983**

An allegation of conspiracy does not alone state a claim for relief under Section 1983; the plaintiff must also allege a constitutional violation. *Matthews v. Nevada*, No. 3:08-CV-00387-LRH-RAM, 2009 WL 3111762, at *4 (D. Nev. September 22, 2009) (citing *Thore v. Howe*, 466 F.3d 173, 179 (1st Cir. 2006)) (while conspiracies may be actionable under Section 1983, there must have been an actual deprivation of a right secured by the Constitution and laws); *Girder v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010) ("plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying constitutional right"); *Cefau v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000); *Young v. County of Fulton*, 160 F.3d 899, 904 (2d Cir.1998).  Here, each of Kelly's conspiracy-related allegations concern Defendants' alleged falsification of medical and police reports and false testimony.  For all of the reasons set forth in the above section dismissing Kelly's fourth cause of action, the Court also finds that Kelly has not alleged a constitutional violation on which his fifth cause of action for civil conspiracy may proceed.  *See Delew*, 143 F.3d at 1221-23 (holding that plaintiffs stated a claim under § 1983 where they alleged a constitutional violation of their right to meaningful access to the courts based on an alleged conspiracy to cover up the details of decedent's death); *see also Dooley v. Reiss*, 736 F.2d 1392, 1394-95 (9 th Cir. 1984) (plaintiffs had no cause of action for conspiracy to conceal evidence where they had been successful in their first action despite the falsified testimony).

Insofar as Kelly's civil conspiracy claim is titled "Conspiracy to Commit Unlawful Entry, Unlawful Arrest, and Excessive Force," the Court finds that Kelly has not plead any facts that, if accepted as true, would state a claim under Section 1983.  Each of Kelly's allegations relate to actions taken long after the alleged unlawful entry, unlawful arrest, and excessive force took place. Kelly simply does not allege any facts related to a meeting of the minds prior to the alleged unlawful entry, unlawful arrest, and excessive force.  Accordingly, the Court shall grant NaphCare

and Defendants' Motions to Dismiss Kelly's fifth cause of action in its entirety.  Although Courtney did not move to dismiss Kelly's fifth cause of action against him in his individual capacity, the Court dismisses the same for the aforementioned reasons.

      **C.**      **Sixth Cause of Action—Deliberate Indifference to Plaintiff's Serious Medical Needs in Violation of 42 U.S.C. § 1983**

A pretrial detainee's right to obtain adequate medical treatment derives from the Due Process Clause, not the Eighth Amendment's protection against cruel and unusual punishment. *See Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)) (where a plaintiff had not been convicted of a crime, but had only been arrested, his rights derive from the Due Process Clause, not the Eighth Amendment's protection against cruel and unusual punishment).  Nevertheless, "[w]ith regard to medical needs, the [D]ue [P]rocess [C]lause imposes, at a minimum, the same duty the Eighth Amendment imposes: 'persons in custody ha[ve] the established right to not have officials remain deliberately indifferent to their serious medical needs.'" *Id.* (quoting *Carnell v. Grimm*, 74 F.3d 997, 979 (9th Cir. 1996)) (applying the Eight Amendment standard where arrestee's rights derived from the due process clause); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  In the Ninth Circuit, the test for deliberate indifference consists of two parts. *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that the "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* at 1059 (citing *Estelle*, 429 U.S. at 104).  Second, "a person is liable for denying a prisoner needed medical care *only* if the person 'knows of and disregards an excessive risk to inmate health and safety.'" *Gibson*, 290 F.3d at 1187-88 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)) (emphasis added).

Here, NaphCare and Defendants contend that Kelly has, again, failed to sufficiently allege that he had a serious medical need. *See* Doc. #84, p. 17; Doc. #106, pp. 4-7.  Again, the Court

agrees. *See* Doc. #54 (Court Order finding that Kelly failed to adequately allege that his medical needs were serious). Specifically, the Court finds that Kelly's renewed allegations as to his medical condition have not been supplemented in any meaningful way, such that he may maintain a claim for a violation of his right to adequate medical care under the Fourteenth Amendment. Significantly, as the Court previously explained, Kelly did not seek medical care at any time in the years following his release from CCDC. *See* Doc. #67, ¶67 (admitting that the first time he sought medical treatment for his alleged injuries was in 2013). Kelly's allegation that he "filed an immediate claim with LVMPD Risk Management in an effort to procure medical diagnosis and treatment" does not change this fact. Filing an administrative grievance with LVMPD Risk Management is not an appropriate avenue to seek medical care for a serious medical need. Moreover, Kelly admits that he was informed through LVMPD Risk Management that he would have to pay for surgery to repair his injuries and then file a claim, however he never sought surgery in accordance with these directions.

Furthermore, as the Court previously noted, Kelly's lack of funds to obtain a private MRI is not a persuasive reason for failing to seek medical care for an allegedly serious medical condition. And again worthy of mention is the fact that Kelly could have received medical care if he had waited the night at CCDC, but chose to forego this opportunity. Finally, Kelly has not alleged that he has suffered any further *significant* injury as a result of the alleged failure to treat his condition. If anything his allegations amount to an admission that his own failure to obtain treatment for his alleged injuries has caused "nearly three years of unnecessary pain and suffering." *See* Doc. #67, ¶132.[2] Accordingly, the Court shall grant NaphCare and Defendants' Motions to Dismiss Kelly's sixth cause of action in its entirety.

///

---

[2] The Court also notes that while Kelly had a Fourteenth Amendment right to be free from deliberate indifference to his serious medical needs while in the custody of NaphCare and Defendants, he did not have a right to follow-up care after he was indisputably released from their custody.

### D. Ninth Cause of Action—Negligence

Kelly concedes to the dismissal of individual Defendants Andrade, Mizusaki, Liberty, and Wilds from his ninth cause of action. Accordingly, the Court shall dismiss the aforementioned individual Defendants from Kelly's ninth cause of action. The LVMPD is the only remaining Defendant in Kelly's ninth cause of action.

### E. Punitive Damages

Because the Court is dismissing Kelly's fourth, fifth, and sixth causes of action against NaphCare, Kelly may not recover punitive damages against NaphCare. Accordingly, Kelly's claim for punitive damages, as asserted against NaphCare, shall be dismissed.

## IV. Conclusion

For all of the aforementioned reasons, the Court dismisses Kelly's fourth, fifth, and sixth causes of action in their entirety. Because it is apparent to the Court that Kelly would be unable to cure the articulated deficiencies in his Second Amended Complaint, and because he has already had an opportunity to do so, the Court dismisses the above claims with prejudice. Additionally, because the Court is dismissing all claims against Defendant Courtney, Courtney's Motion to Quash the Insufficient Service of Process (Doc. #117) is denied as moot.

IT IS THEREFORE ORDERED that NaphCare's Motion to Dismiss (Doc. #84) is GRANTED. Kelly's fourth, fifth, and sixth causes of action against NaphCare shall be DISMISSED with prejudice. Additionally, Kelly's forth and fifth causes of action against defendant Courtney shall be DISMISSED with prejudice.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. #106) is GRANTED. Kelly's fourth, fifth, and sixth causes of action against Defendants shall be DISMISSED with prejudice. Kelly's ninth cause of action as it pertains to Defendants Andrade, Mizusaki, Liberty, and Wilds shall be DISMISSED with prejudice.

///

IT IS FURTHER ORDERED that Defendant Courtney's Motion to Quash (Doc. #117) is DENIED as moot.

DATED this 27th day of December, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE