UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| GREGORY KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:12-cv-02074-LRH-CWH |
| v. | ) | |
| | ) | |
| LAS VEGAS METROPOLITAN POLICE | ) | ORDER |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendants NaphCare, Inc. ("NaphCare") and Cody Courtney's ("Courtney") Motion for Attorneys' Fees and Costs. Doc. #126.[1] Plaintiff Gregory Kelly ("Kelly") filed a Response (Doc. #128), to which NaphCare and Courtney replied (Doc. #130). Also before the Court is Kelly's Motion for Leave to File a Sur-Reply. Doc. #132. NaphCare and Courtney filed a Response. Doc. #141.

**I.    Facts and Procedural History**

This case arises out of an arrest and subsequent eight-hour detention at the Clark County Detention Center (CCDC). On December 5, 2010, LVMPD officers responded to a call reporting a domestic disturbance at Kelly's residence. During the arrest, Kelly claims he suffered injuries to his left shoulder and left thigh/knee. The officers later transported Kelly to CCDC, where Kelly claims he received no medical attention for his injuries, despite his waiting an extended period of

---

[1] Refers to the Court's docket number.

time in the designated NaphCare waiting room.  Kelly was eventually called for release, at which time he objected to the fact that he had not yet received a medical exam to document his injuries and requested a Magnetic Image Resonance ("MRI") scan.  At that time, an unidentified NaphCare employee informed Kelly that an MRI scan was not available to pre-trial detainees.  Because Kelly did not feel that an x-Ray, which would have been provided the following day, would have documented his claimed injuries, he agreed to his release without obtaining an x-Ray.

Thereafter, at various times, Kelly filed claims for administrative relief with LVMPD Risk Management, Internal Affairs, and the Citizen's Review Board.  All of Kelly's grievances were denied.  Kelly alleges that his claims were denied on the basis of false testimony and fraudulent reports submitted by the officers involved in his arrest and subsequent detention, and NaphCare employee Codi Courtney ("Courtney").  Kelly also alleges that the aforementioned false testimony and fraudulent reports were part of a conspiracy to cover up the alleged transgressions of the arresting officers.  At no time until 2013 did Kelly seek medical treatment for his alleged injuries.  Kelly alleges that he continues to suffer from the injuries he sustained during the December 5, 2010 arrest.

On December 5, 2012, exactly two years after the alleged incident took place, Kelly filed a Complaint, alleging unwarranted entry, false arrest, false imprisonment, conspiracy for false imprisonment, deliberate indifference to his serious medical needs, municipal liability, battery, intentional infliction of emotional distress, malicious prosecution, and negligence.  *See* Doc. #1. Thereafter, NaphCare filed a Motion to Dismiss Kelly's deliberate indifference claim.  *See* Doc. #7. On June 28, 2013, the Court granted NaphCare's Motion, finding that Kelly "failed to show his medical needs were serious."  Doc. #54.  Because Kelly is a *pro se* litigant and had not yet amended his Complaint, the Court granted leave to amend.  *See id.*  On August 1, 2013, Kelly filed an Amended Complaint, alleging nine causes of action.  *See* Doc. #67.  On August 15, 2013, NaphCare filed a second Motion to Dismiss Kelly's fourth, fifth, and sixth causes of action against NaphCare.  Doc. #84.

2

1  On December 27, 2013, the Court entered an Order dismissing Kelly's fourth, fifth, and
2  sixth causes of action against NaphCare with prejudice and dismissing Kelly's fourth and fifth
3  causes of action against Courtney with prejudice.  Doc. #124.  The Court found that dismissal with
4  prejudice was appropriate because it was apparent that Kelly would be unable to cure the
5  deficiencies in his Amended Complaint and because he had already had an opportunity to do so.
6  *See* Doc. #124, p. 10.  Specifically, in dismissing Kelly's fourth cause of action, the Court found
7  that Kelly failed to sufficiently allege a 1983 claim because he failed to identify any underlying
8  constitutional or federal statutory right of which he was deprived.  *See* Doc. #124, pp. 4-6.  In
9  dismissing Kelly's fifth cause of action, the Court found that Kelly's failure to allege a
10 constitutional violation in his fourth cause of action precluded his fifth cause of action for civil
11 conspiracy.  *See* Doc. #124, pp. 7-8.  Finally, in dismissing Kelly's sixth cause of action, the Court
12 found that Kelly's renewed allegations as to his medical condition had not been supplemented in
13 any meaningful way, such that he could maintain a claim for violation of his right to adequate
14 medical care.  *See* Doc. #124, pp. 8-9.  On January 10, 2014, NaphCare and Courtney filed the
15 present Motion for Attorneys' Fees before the Court, requesting a total of $52,972.00.  Doc. #126.

16 **II.    Legal Standard**

17  A party may move for attorney's fees under Federal Rule of Civil Procedure 54(d)(2),
18 provided that the party specifies "the statute, rule, or other grounds entitling [it] to the award."
19 Pursuant to 42 U.S.C. § 1988(b), "the court, in its discretion, may allow the prevailing party . . . [in
20 a federal civil rights action], a reasonable attorney's fee as part of the costs."  A prevailing
21 defendant's award of attorneys' fees is not routine or warranted merely because he succeeds.  *See*
22 *Christiansburg Garmet Co. v. EEOC*, 434 U.S. 412, 421 (1978).  Rather, a prevailing defendant
23 should be awarded attorneys' fees only when the plaintiff's claims are "groundless, without
24 foundation, frivolous, or unreasonable."  *McCarthy v. Mayo*, 827 F.2d 1310, 1318 (9th Cir. 1987).
25 "A case may be deemed frivolous only when the 'result is obvious or the . . . arguments . . . are
26 wholly without merit.'"  *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (quoting

*McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981)).

## III.  Discussion

The Court has reviewed the documents and pleadings on file in this matter and finds that an award of attorneys' fees is not warranted. Although the Court dismissed Kelly's fourth, fifth, and sixth causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the claims were not groundless, without foundation, frivolous, or unreasonable. As to Kelly's fourth cause of action for falsification of documents and hindering a lawful investigation, resulting in a loss of due process rights, the Court concluded that Kelly was not entitled to Fourteenth Amendment due process protections when he filed his administrative grievances and that Kelly did not have a constitutional right to accurate medical or police reports absent an allegation that the allegedly falsified reports rendered his trial fundamentally unfair. *See* Doc. #124, pp. 5-6. As to Kelly's fifth cause of action for civil conspiracy to commit unlawful entry, unlawful arrest, and excessive force, resulting in loss of due process rights, the Court concluded that because Kelly did not have a constitutional right to accurate medical or police reports absent an allegation that the allegedly falsified reports rendered his trial fundamentally unfair, he could not assert a claim for civil conspiracy. *See* Doc. #124, pp. 7. Although the Court ultimately dismissed Kelly's fourth and fifth claims for failure to allege a viable constitutional violation, the Court does not find these claims to be groundless, without foundation, frivolous or unreasonable. The Court noted that "authority on the subject *strongly suggests* that Kelly was not entitled to the same type of due process protections that the Fourteenth Amendment envisions." Doc. #124, pp. 5-6 (emphasis added). The Court did not, however, deem authority to be so well-settled that Kelly's fourth cause of action was "obvious" as NaphCare and Courtney assert. Moreover, because Kelly's fifth cause of action was based, at least in part, on his fourth cause of action, the Court also finds that the result was not "obvious." Accordingly, the Court concludes that NaphCare and Courtney are not entitled to attorneys' fees on Kelly's fourth and fifth causes of action.

///

As to Kelly's sixth cause of action for deliberate indifference to a serious medical need, the Court concluded that Kelly's Amended Complaint remained factually deficient because he did not allege that he sought medical care after his release from CCDC and thus could not prove that his medical need was serious.  However, contrary to NaphCare and Courtney's assertion that Kelly did not attempt to cure his mistakes regarding his allegedly serious medical need when he amended his complaint, it is clear from his Amended Complaint that Kelly did attempt to cure this deficiency by alleging that two separate MRIs from 2013 corroborated his claims of injury immediately after his arrest.  *See* Doc. #67, ¶¶75-76.  The Court's ultimate determination, however, that Kelly's allegations in this regard were not sufficient to support a finding that his medical need was serious does not render his claim groundless, without foundation, frivolous, or unreasonable.  Accordingly, NaphCare and Courtney are not entitled to attorneys' fees on Kelly's sixth cause of action.

IT IS THEREFORE ORDERED that NaphCare and Courtney's Motion for Attorneys' Fees (Doc. #126) is DENIED.

IT IS THEREFORE ORDERED that Kelly's Motion for Leave to File a Sur-Reply (Doc. #132) is DENIED as moot.

DATED this 6th day of May, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE