UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * *

GREGORY KELLY,

    Plaintiff,

    v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a Political Subdivision of the State of Nevada; WILLIAM F. CATRICALA, JR., individually; BEAU HUNN, individually; THOMAS CARRIGY, individually; IVENS MUNOZ, individually; CHRISTOPHER GARCIA, individually; JOHN CAMPBELL, individually; ERICK WILDS, individually' JOHN LIBERTY, individually; KIDD ANDRADE, individually; JAMES MIZUSAKI, individually; NAPHCARE, an Alabama corporation; CODI COURTNEY, individually;

    Defendants.

2:12-CV-02074-LRH-CWH

ORDER

    Before the court is a question posed by Defendant-Appellees in regard to Plaintiff-Appellant's Certification of Non Relevant Transcripts. Doc. #292 and 286.[1]

**I. Facts and Procedural History**

    This matter arises from questions concerning the procedure behind the Certification of Non Relevant Transcripts. On December 1, 2015, Defendant-Appellees submitted their Transcript Designation (Doc. #284), pursuant to the Ninth Circuit's November 18, 2015 Order (Doc. #283). Plaintiff-Appellant filed his Transcript Designation on December 14, 2015, which designated different portions of the transcripts in these proceedings than Defendant-Appellees'

---

[1] Refers to the Court's docket number.

Transcript Designation.  Doc. #285.  Plaintiff-Appellant then filed a Certification of Non Relevant Transcripts on December 15, 2015, providing that the differing portions of the transcripts Defendant-Appellees designated were not necessary.  Doc. #286.  On January 11, 2016, Defendant-Appellees filed a letter with the Court asking if this Court requires any additional filing by the Defendant-Appellees, or a response to Plaintiff-Appellant's Certification, in order to resolve the dispute concerning the transcript designations and determining which party is to be responsible for paying for the transcripts.  Doc. #292.

**II. Discussion**

Circuit Rule 10–3 contemplates that where an appellant designates less than a complete transcript of all trial proceedings, an appellee who deems that a transcript of additional portions of the trial should be included with the transcript designated by appellee may request that such be included.  An appellant is then ordinarily obligated to procure and pay for the additional portions.  However, the appellant may dispute the need for the additional portions.  Circuit Rule 10–3.1(f) provides as follows:

> If appellee notifies appellant that additional portions of the transcript are required pursuant to 9th Cir. R. 10–3.1(b), appellant shall make the arrangements with the court reporter to pay for these additional portions unless appellant certifies that they are unnecessary to the appeal and explains why not.
>
> If such a certificate is filed in the district court with copies to the court reporter and this court, the district court shall determine which party shall pay for which portions of the transcript.

Here, however, Plaintiff-Appellant has not complied with Circuit Rule 10-3.1(f).  In his certification, Plaintiff simply identified the portions of the transcript that he believes are unnecessary to the appeal, but did not explain why not, as the rule requires.  Doc. #286.  Thus, the Court will require him to provide the necessary explanation.  After he does so, Defendant-Appellees will have the chance to file a response, and then the Court will make its decision.

///

///

///

2

**III. Conclusion**

IT IS THEREFORE ORDERED that Plaintiff-Appellant Gregory Kelly has ten (10) days after entry of this order to file an explanation as to why the additional transcript portions are unnecessary.

IT IS FURTHER ORDERED that after Plaintiff-Appellant files his explanation, Defendant-Appellees will have five (5) days to file a response.

IT IS SO ORDERED.

DATED this 27th day of January, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3